IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CARL KIEFFER,<br><br>　　　　Defendant. | Case No. 3:14-CR-30051-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Authorize Payment from Inmate Trust Account filed by the United States of America. (Doc. 57). The Government seeks an order, pursuant to 18 U.S.C. §§ 3613(a), 3664(k), and 3664(n), authorizing the Bureau of Prisons (BOP) to turn over to the Clerk of Court non-exempt funds held in the inmate trust account of Defendant Carl Kieffer. The funds would be applied as payment toward the criminal monetary penalties imposed in this case.

In support of its motion, the Government notes that on July 5, 2014, the Court sentenced Kieffer to 240 months in prison and three years of supervised release. (Doc. 23). The Court also ordered Kieffer to pay a special assessment of $100 and $7,115 in restitution. Kiefer has paid his special assessment but, to date, he owes $7,015 in restitution.

On February 26, 2021, the Government was informed that Kieffer had a balance of $2,707.10 in his inmate trust account. The Government requested that the BOP freeze $1,856.30 of those funds for payment toward Kieffer's outstanding criminal monetary penalties. Thus, the BOP has possession, custody, or control of $1,856.30 in encumbered funds

belonging to Kieffer that are currently in the defendant's trust account.

Kieffer opposes the Government's motion, arguing that the money in his account, which came from an economic stimulus payment, does not constitute a "material change" in his economic circumstances under 18 U.S.C. § 3664(k) as required for the United States to adjust his payment schedule or require immediate payment in full. Furthermore, the stimulus payment does not constitute the receipt of "substantial resources," as required under 18 U.S.C. § 3664(n) for the United States to require him to apply the value of such resources to the restitution still owed. Kieffer also notes that he has been compliant with his payment plan under the Inmate Financial Responsibility Program (IFRP), though does not clarify why he has paid only $100 in restitution over the past seven years, and asks the Court not to leave him indigent.

Under 18 U.S.C. 3664(n), "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." A restitution order acts as a lien in favor of the government on "all property and rights to property" of the defendant. *United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017). Thus, the government is entitled to "step into the defendant's shoes" and acquire the rights of the defendant with regard to the funds. *Id.* at 619.

Here, the Court agrees the economic stimulus payment does not constitute a "material change" in Kiefer's economic circumstances under 18 U.S.C. § 3664(k). It does, however, constitute "substantial resources" under 18 U.S.C. § 3664(n). Kieffer now has $2,707.10 in his trust account, which is a substantial amount even outside the prison setting. Additionally,

even though Kieffer is enrolled in the IFRP, as explained by the Seventh Circuit in an unpublished opinion, "the [IFRP] and the government's ability to collect restitution are not mutually exclusive." *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017). The United States may enforce a restitution order by "all other available and reasonable means," including the BOP's inmate payment program. *Id.* Finally, the Court notes that Kieffer would not be left indigent if his funds are applied toward his criminal monetary obligations. The Government has encumbered only $1,856.30 of his money, leaving $850.80 in his account. This is not an insignificant balance for an inmate to carry in his trust account.

For these reasons, the Motion to Authorize Payment from Inmate Trust Account (Doc. 57) is **GRANTED**. The Bureau of Prisons is **ORDERED** to turn over to the Clerk of Court the amount of $1,856.30. The Clerk of Court shall accept the deposit from the funds currently held in the trust account for the following inmate:

>    Inmate Name:      Carl Kiefer
>    Inmate Number:    15794-074
>    Inmate Facility:  USP Terre Haute
>                      P.O. Box 33
>                      Terre Haute, IN 47808

The Clerk shall apply these funds as payment toward the criminal monetary penalties owed by Kieffer. Payments are to be made payable to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Government is **ORDERED** to provide a copy of this Order to the Bureau of Prisons.

**IT IS SO ORDERED.**

DATED:   May 4, 2021

>                             s/ *Nancy J. Rosenstengel*
>                             NANCY J. ROSENSTENGEL
>                             **Chief U.S. District Judge**